[No. C000749. Third Dist. Oct. 20, 1987.]

In re DONALD R. et al., Persons Coming Under the Juvenile Court
Law.
SACRAMENTO COUNTY DEPARTMENT OF SOCIAL
SERVICES, Plaintiff and Respondent, v.
WILLIAM G. et al., Defendants and Appellants.

 ,

---

**COUNSEL**

Loretta H. Hellen, under appointment by the Court of Appeal, for Defendants and Appellants.

L. B. Elam, County Counsel, and Denis J. Zilaff, Deputy County Counsel, for Plaintiff and Respondent.

---

**OPINION**

**SIMS, J.**—In this case, we hold that a written social study containing relevant evidence was properly admitted in evidence over objection at a jurisdictional hearing on a petition brought under Welfare and Institutions Code section 300. (Statutory references are to the Welfare and Institutions Code unless otherwise indicated.)

## FACTS AND PROCEDURAL BACKGROUND

In 1984, six children (four boys, two girls) of Mr. and Mrs. G. were made dependent children under section 300, subdivisions (a) and (b).[1] However, the children were not removed from the family home.

In January 1986, one of the children, Mr. G.'s 14-year-old stepdaughter, R., reported to authorities that Mr. G. had sexually abused her on numerous occasions during the past six years. A medical examination was consistent with sexual activity. Mr. G. admitted to an investigating officer he had fondled and attempted intercourse with R. on approximately 10 occasions in the past two years.

In February 1986, the juvenile court ordered in pertinent part that "Said minors' mother maintain a residence separate and apart from the minors' father/stepfather, [Mr. G.]. [¶] Said minors' mother allow no contact between the minors and their father/stepfather, [Mr. G.], until further Court Order."

In April 1986, a supplemental petition was filed pursuant to section 387 alleging the children's prior placement with Mrs. G. had been ineffective because Mrs. G. had failed to maintain a residence separate from Mr. G. and had allowed contact between Mr. G. and the children. Subsequent petitions pursuant to section 300, subdivision (d), were also filed as to each child, alleging their home was unfit by reason of Mr. G.'s molestations of R. and because Mrs. G. had allowed continued contact between R. and Mr. G. despite Mrs. G.'s knowledge of the molestations.

At the jurisdictional hearing, witness Edward Rapski, who had been the G.'s neighbor for about a year, testified that on several occasions since R.'s allegations of abuse in January 1986, he had seen Mr. G. arrive at the family home by car. Sometimes, Mrs. G. would back her car all the way up her driveway to the entryway of the house. Mr. G., who would arrive lying down in the rear seat, would then get out of the car and enter the house. Rapski also observed Mr. G. arrive at the house driving a van. On one occasion, Rapski observed Mr. G. at the residence's garage.

Witness Michael Johnston, another neighbor of the G.'s, testified he had seen Mr. G. at the house removing his belongings from the garage, while the younger boys were present.

---

[1] Two of the children were Mr. G.'s natural children; the rest, including R., were his stepchildren.

Johnston had also seen Mr. G. at the residence on another occasion, when Mrs. G. had driven her car five or six feet from the front door. Mr. G. was not visible as Mrs. G. drove into the driveway but he later got out of the car and headed for the front door.

Sacramento Police Detective Joseph Sledge testified he interviewed Mr. G. following Mr. G.'s arrest on charges he molested R. Mr. G. admitted to Sledge he had sexually molested R. on 10 different occasions.

County offered into evidence a social study report by social worker Craig Miles. Mr. G. objected to the study on grounds it contained multiple hearsay and denied him his right of confrontation as to statements of persons quoted in the study. The juvenile court admitted the study and Miles was called and examined by all counsel.

The social study contained statements of various individuals, including Mr. and Mrs. G., several of the children, neighbors Rapski, Johnston, Gonzales, Detective Sledge, probation officer Griggs and social worker Stratton. Of these individuals, only the children, neighbor Gonzales, probation officer Griggs, and social worker Stratton were not called to testify at the hearing.

Following the hearing, the juvenile court sustained both the section 300, subdivision (d), petitions and the section 387 petition. At the dispositional hearing the juvenile court removed the minors from Mrs. G.'s custody. Mr. G. appeals, seeking to have the children returned to Mrs. G.

DISCUSSION

I

*The Social Study Was*
*Properly Admitted Into Evidence*

A. *Admission of the social study was authorized by sections 281*
*and 355 and by rule 1365 (d) of the California Rules of Court.*

█ Mr. G. first contends the juvenile court's admission of the social study was reversible error.

Rule 1365 (d), of the California Rules of Court, applicable to section 300 proceedings, provides: "A probation or social worker's report, including any social study, containing information relevant and material to the jurisdiction hearing is admissible if, on request of the parent or guardian, the

probation officer or social worker is made available to be cross-examined regarding the contents of the report." (All references to rules are to the California Rules of Court.) Here, the information in the social study was relevant to the issues at the jurisdictional hearing, and the social worker who prepared the report was cross-examined. Rule 1365 (d) therefore authorized admission of the social study in evidence.

However, Mr. G. contends rule 1365 (d) is void because it conflicts with provisions in the Evidence Code precluding the admission of hearsay evidence. Mr. G. also contends the social study was incompetent evidence under *In re Michael V.* (1974) 10 Cal.3d 676 [111 Cal.Rptr. 681, 517 P.2d 1145]. We conclude there is no conflict between rule 1365 (d) and the Evidence Code and *Michael V.* applies only to section 602 cases.

Section 701 describes procedures at jurisdictional hearings in section 300, 601 or 602 cases. As pertinent here, section 701 says, "The admission and exclusion of evidence shall be pursuant to the rules of evidence established by the Evidence Code and by judicial decision. . . . [A] preponderance of evidence, legally admissible in the trial of civil cases must be adduced to support a finding that the minor is a person described by Section 300 . . . ."

Under the Evidence Code, hearsay evidence is inadmissible "[e]xcept as provided by law." (Evid. Code, § 1200, subd. (b).) Under subdivision (b) of Evidence Code section 1200, "Exceptions to the hearsay rule may thus be found in other codes as well as in the Evidence Code. [Citation.]" (*In re George G.* (1977) 68 Cal.App.3d 146, 155 [137 Cal.Rptr. 201]; see Evid. Code, § 1205; 1 Witkin, Cal. Evidence (3d ed. 1986) § 560, p. 535; 1 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) § 18.8, p. 437.)

Two statutes authorize the admission of relevant hearsay evidence in a social study at a jurisdictional hearing on a petition filed under section 300. The first is section 281, which provides, "The probation officer shall upon order of any court in any matter involving custody, status or welfare of a minor or minors, make an investigation of appropriate facts and circumstances and prepare and file with the court written reports and written recommendations in reference to such matters. The court is authorized to receive and consider the reports and recommendations of the probation officer in determining any such matter."[2]

 Enacted in 1976 (Stats. 1976, ch. 1068, § 5, p. 4755,), section 281 recodified section 582 but made no change in the language of the former

---

[2] In a section 300 proceeding the duties of the probation officer with respect to the report may be performed, as they were here, by the county welfare department. (§ 272.)

statute.[3] In *In re Biggs* (1971) 17 Cal.App.3d 337 [94 Cal.Rptr. 519], the court held section 582 expressly authorized the admission of relevant evidence in a social study at a jurisdictional hearing in a dependency case. (Pp. 344-345.) ■ By its 1976 recodification of section 582 (as section 281) without substantive change, the Legislature is deemed to have approved the interpretation given the statute in *Biggs*. (See *Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 734-735 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161], cert. den. (1982) 459 U.S. 858 [74 L.Ed.2d 111, 103 S.Ct. 129]; *In re Cindy B.* (1987) 192 Cal.App.3d 771, 777-778 [237 Cal.Rptr. 677].) We also note that two cases have followed *Biggs* since enactment of section 281. (See *In re Courtney S.* (1982) 130 Cal.App.3d 567, 575 [181 Cal.Rptr. 843]; *In re La Shonda B.* (1979) 95 Cal.App.3d 593, 601 [157 Cal.Rptr. 280].) ■ ■ We therefore conclude section 281 authorizes the admission in evidence of relevant hearsay matter in a social study at a jurisdictional hearing on a petition brought under section 300.

■ A second statute also authorizes admission of relevant evidence in the social study. Section 355, which is contained in an article governing hearings on section 300 petitions, provides in pertinent part: "At the hearing, the court shall first consider only the question whether the minor is a person described by Section 300, and *for this purpose, any matter or information relevant and material to the circumstances or acts which are alleged to bring him within the jurisdiction of the juvenile court is admissible and may be received in evidence*; . . ." (Italics added.)

We think "any matter or information," includes hearsay, provided it is "relevant and material to the circumstances or acts which are alleged to bring [the minor] within the jurisidiction of the juvenile court."[4]

We recognize that in *In re Cheryl H.* (1984) 153 Cal.App.3d 1098 [200 Cal.Rptr. 789] the court held hearsay evidence inadmissible at a jurisdictional hearing in a dependency case, concluding, ". . . at a dependency hearing, rulings on the admissibility of evidence must comply with the rules prescribed by the Evidence Code (W&IC, § 701)." (P. 1115, fn. omitted.)

---

[3] (See Stats. 1961, ch. 1616, § 2, p. 3471.)

[4] Hearsay reports made admissible by statute are not excludable because they may contain multiple hearsay. As the Court of Appeal noted in the context of proceeding to declare a child free of parental custody under Civil Code section 232, "[a] probation report is itself hearsay evidence as it constitutes the hearsay statements of the probation officer. To the extent that it relates statements made by others to the probation officer, it constitutes double and sometimes multiple hearsay. Civil Code section 233 [nevertheless] makes a probation report admissible in proceedings related to the welfare of children because of the necessity of providing the court with a coherent picture of the child's situation." (*In re Rose G.* (1976) 57 Cal.App.3d 406, 426 [129 Cal.Rptr. 338]; see also *In re George G., supra,* 68 Cal.App.3d at pp. 155-156.)

While we agree that the Evidence Code applies, we respectfully disagree with *Cheryl H.*'s conclusion the Evidence Code fails to authorize the admission of relevant hearsay. We do not find in *Cheryl H.* an analysis of the authorization for hearsay evidence found in sections 281 and 355 and in Evidence Code section 1200, subdivision (b).

Rule 1365 (d) replicates the requirement of section 355 that only relevant and material information in a social study is admissible. Rule 1365 (d) is therefore in accord with both section 281 and section 355. Moreover, since sections 281 and 355 authorize the admission in evidence of a social study containing relevant and material information at a jurisdictional hearing in a dependency case, the statutes create an exception to the hearsay rule under the Evidence Code. (Evid. Code, § 1200, subd. (b).) Consequently, rule 1365 (d) conflicts neither with the Evidence Code nor with section 701.

Mr. G. cites *In re Michael V., supra,* 10 Cal.3d 676 in support of his claim the social study was inadmissible. However, *Michael V.,* like its predecessor *In re Gladys R.* (1970) 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127], involves procedures applicable in section 602 proceedings where jurisdiction is based upon a criminal act by the minor. Procedures in section 602 cases are premised on statutes and rules different from those discussed here. (See, e.g., § 702; rule 1355 (d).) Mr. G.'s reliance on *Michael V.,* a section 602 case, is therefore misplaced. (*In re La Shonda B., supra,* 95 Cal.App.3d at p. 601; *In re Biggs, supra,* 17 Cal.App.3d at pp. 344-345.)

The juvenile court properly admitted the social study in evidence. (§§ 281, 355, 701; Evid. Code, § 1200, subd. (b); rule 1365 (d).)

B. *Mr. G.'s due process rights were adequately protected.*

■ Mr. G.'s objection below was founded not only on grounds of hearsay but also on grounds of lack of confrontation. ■ The federal constitutional right to confrontation is located in the Sixth Amendment and is confined to criminal cases. (*In re Mary S.* (1986) 186 Cal.App.3d 414, 419 [230 Cal.Rptr. 726].) Nevertheless, although dependency proceedings are civil, a party has a federal due process right under the Fifth and Fourteenth Amendments to confront and cross-examine witnesses. (*Id.,* at pp. 419-420.) ■ We believe Mr. G.'s federal due process rights were adequately protected in this proceeding.

■ If a petition under section 300 is sustained, parents can lose custody of their children (§ 361; *Lois R.* v. *Superior Court* (1971) 19 Cal.App.3d 895, 901 [97 Cal.Rptr. 158]), although their parental rights cannot be finally

terminated unless further proceedings are undertaken under Civil Code section 232.

 In *Long* v. *Long* (1967) 251 Cal.App.2d 732 [59 Cal.Rptr. 790], a proceeding in which a parent faced the loss of custody of her child, the parent challenged the trial court's consideration of a probation report prepared under former section 582 (now 281). The Court of Appeal concluded, "Due process of law requires that each party (a) receive a copy of the report, (b) be given an opportunity to cross-examine the investigative officer and to subpoena and examine persons whose hearsay statements are contained in the report, and (c) be permitted to introduce evidence by way of rebuttal." (*Id.,* at p. 736.)

*Long's* test was later adopted in *In re George G., supra,* 68 Cal.App.3d at pages 156-157, where the court established due process requirements for the receipt of probation reports mandated by Civil Code section 233 in actions to terminate parental rights. (See also *In re Gary U.* (1982) 136 Cal.App.3d 494, 501 [186 Cal.Rptr. 316].) In *In re Angelia P.* (1981) 28 Cal.3d 908 [171 Cal.Rptr. 637, 623 P.2d 198], our Supreme Court cited *George G.* with approval when the court concluded, " 'the written report mandated by [Civil Code section 233] is admissible over a general hearsay objection so long as a meaningful opportunity to cross-examine and to controvert the content of the report is afforded.' [Citations.]" (P. 926.)

Since under *Angelia P.* the due process protections established in *Long* are adequate to allow admission of a probation report in a proceeding where parental rights may be forever severed, a fortiori the procedures are adequate where a lesser loss of custody is at stake.[5]

 Mr. G.'s federal due process rights were adequately protected in this proceeding. First, counsel for both parents were obviously familiar with the contents of the social study; we thus infer that copies were made available to them in advance of the hearing. Second, as the trial court noted, both parents had the opportunity to call any person quoted in the report to testify at the hearing. In fact, each of the essential witnesses against Mr. G.—Detective Sledge, neighbors Rapski and Johnston—*was* called and cross-examined. The statements of neighbor Gonzales and probation officer Griggs, who were not called, were merely cumulative evidence of Mr. G.'s presence at the G. home following R.'s report of molestation. Similarly, the statement of Sara Stratton, who was not called, did not pertain to Mr. G.'s conduct. Finally, there is no indication on this record that either parent was

---

[5] This is particularly so since, as we shall point out *post,* hearsay in such a report is admitted for a limited purpose and cannot generally be used to sustain a finding of dependency.

prohibited from introducing any other rebuttal evidence at his or her disposal. The record discloses no violation of federal due process. (*In re George G., supra,* 68 Cal.App.3d at pp. 156-157.)

■ The requirements of due process under the California Constitution are not always the same as those under the federal Constitution. (Cal. Const., art. I, § 7, subd. (a); *In re Jackson* (1987) 43 Cal.3d 501, 510-511 [233 Cal.Rptr. 911, 731 P.2d 36].) ■ *In People* v. *Ramirez* (1979) 25 Cal.3d 260 [158 Cal.Rptr. 316, 599 P.2d 622], the court held the identification of appropriate state due process "generally requires consideration of (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, (3) the dignitary interest in informing individuals of the nature, grounds and consequences of the action and in enabling them to present their side of the story before a responsible governmental official, and (4) the governmental interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (*Id.,* at p. 269.)

■ When we weigh these considerations, we conclude the requirements of federal due process, set out in *Long* v. *Long, supra,* 251 Cal.App.2d 732, also satisfy state due process. We perceive no violation of state due process in this case.

■ We note that article I, section 15 of the California Constitution also contains a clause allowing a defendant to confront witnesses against him. However, like the federal clause, the state clause is by its terms limited to criminal proceedings.

■ We therefore conclude admission of the social study in this case violated none of Mr. G.'s federal or state constitutional rights.

## II

### *The Evidence Was Sufficient To Sustain the Petitions*

■ Mr. G. contends the evidence was insufficient to sustain the petitions.

■ While authorizing the admission in evidence of "any matter or information relevant and material to circumstances or acts" at issue, section 355 also says, "however, proof by a preponderance of evidence, legally

admissible in the trial of civil cases must be adduced to support a finding that the minor is a person described by Section 300."

Of course, as we have noted, a dependency proceeding is a specie of civil case. (*In re Mary S., supra,* 186 Cal.App.3d at p. 418.) Nonetheless, we think it clear the Legislature did not intend to include dependency proceedings within the definition of "civil cases" referred to in section 355. The statutory language was unnecessary to tell a juvenile court it could consider, for a finding of dependency, evidence made admissible by the statute itself. ▋ "A construction of a statute that renders some of its words surplusage or redundant is to be avoided." (*Schmidt* v. *Superior Court* (1987) 43 Cal.3d 1060, 1067 [240 Cal.Rptr. 160, 742 P.2d 209].)

▋ Rather, we think section 355 requires that a finding of dependency must be based upon evidence legally admissible under the Evidence Code in the trials of ordinary civil cases, other than dependencies. By this view, section 355, construed as a whole, allows the juvenile court to receive ordinarily inadmissible hearsay evidence "because of the necessity of providing the court with a coherent picture of the child's situation" (*In re Rose G.* (1976) 57 Cal.App.3d 406, 426 [129 Cal.Rptr. 338]), just as is done under Civil Code section 233 in proceedings to terminate parental rights. (*Ibid.*; *In re George G., supra,* 68 Cal.App.3d at p. 156.) However, the statute requires that a finding of dependency shall be based on evidence admissible under the Evidence Code in the trials of ordinary civil cases. Consequently, unless hearsay in a social study falls within an exception to the hearsay rule, the juvenile court must disregard it, and focus exclusively upon admissible evidence, in determining whether dependency has been proved by a preponderance of the evidence.

▋ Mr. G. contends that, with inadmissible hearsay in the social study excluded from consideration, insufficient evidence remains to support a finding Mrs. G. knew of Mr. G.'s molestation of R. and nevertheless permitted contact between him and the children. Mr. G. errs. Ample independent admissible evidence was adduced at the hearing to support each of the juvenile court's findings.

▋ On appeal we must indulge in all reasonable inferences to support the findings of the juvenile court and must view the record in the light most favorable to the juvenile court's orders. (*In re Tanya P.* (1981) 120 Cal.App.3d 66, 71 [174 Cal.Rptr. 533]; *In re Luwanna S.* (1973) 31 Cal.App.3d 112, 114 [107 Cal.Rptr. 62].) It is solely the function of the juvenile court to weigh inconsistencies and determine the credibility of witnesses. (*Tanya P., supra,* at p. 71.)

■ First, there was sufficient admissible evidence that Mr. G. performed lewd and lascivious acts with R. This evidence came not from the social study but from the testimony of Detective Sledge who recounted Mr. G.'s admission that he did the acts alleged. (See Evid. Code, § 1220.)

Contrary to Mr. G.'s argument, the petitions were premised on the time period *following* January 1986 after R. made known she had been molested and the court had entered an order barring Mr. G. from the home. During that time period, Mrs. G.'s knowledge of Mr. G.'s molestations was established beyond dispute. The testimony of witnesses Rapski and Johnston established that Mr. G. was present at the minors' residence on numerous occasions. Johnston testified the younger boys were present with Mr. G. and it can be reasonably inferred the other minors were present at their residence during Mr. G.'s clandestine visits. (*In re Tanya P., supra,* 120 Cal.App.3d at p. 71.) The juvenile court's findings are adequately supported by substantial evidence admissible in the trial of civil cases.[6] (*Ibid.*; § 355.)

### DISPOSITION

As to each minor, the judgment (order) is affirmed.

Evans, Acting P. J., and Carr, J., concurred.

---

[6] This conclusion also refutes Mr. G.'s contention that the juvenile court improperly delegated its factfinding function to the social worker who prepared the social study.